**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ABRAHAM RODRIGUEZ-HERNANDEZ,** | ) | |
| **ID # 49898-177,** | ) | |
| **Movant,** | ) | **No. 3:17-CV-1614-N-BH** |
| **vs.** | ) | **No. 3:15-CR-306-N-BH (2)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion under 28 U.S.C. § 2255 to Vacate, Correct or Set-Aside Sentence by a Person in Federal Custody*, received June 19, 2017 (doc. 2), should be **DENIED** with prejudice.

**I.  BACKGROUND**

Abraham Rodriguez-Hernadez (Movant) challenges his federal conviction and sentence in Cause No. 3:15-CR-306-N(2).  The respondent is the United States of America (Government).

On July 8, 2015, Movant was charged by indictment with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846.  (*See* doc. 1.)[1]  He pled guilty to the indictment under a plea agreement on May 3, 2016.  (*See* docs. 62, 77.)  He also stipulated to facts regarding the offense in a factual resume.  (*See* doc. 61.)

The United States Probation Office (USPO) filed a Presentence Report (PSR) on July 7, 2016.  (*See* doc. 97-1.)  Applying the 2015 United States Sentencing Guidelines Manual (USSG), the PSR found a base offense level of 30.  (*See id*. at 9, ¶ 28; at 10, ¶ 29.)  Two offense levels were added under USSG § 2D1.1(b)(1) because Movant possessed a firearm.  (*See id*. at 10, ¶ 30.)  Three

---

[1]   Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:15-CR-306-N(2).

levels were deducted for acceptance of responsibility, resulting in a total offense level of 29.  (*See id*., ¶¶ 36-38.)  With a criminal history category of one, the resulting guideline range was 87-108 months.  (*See id*. at 14, ¶ 65.)

The sentencing hearing was held on December 5, 2016.  (*See* doc. 131.)  The Court adopted the facts set forth in the PSR, (*see* doc. 134 at 4), and sentenced Movant to 78 months' imprisonment, (*see* doc. 133 at 2).  He did not appeal.

In his § 2255 motion, Movant raises the following grounds:

(1)     The Court erred by applying the two-level enhancement of USSG § 2D1.1(b)(1);

(2)     Counsel was ineffective for failing to object to the USSG § 2D1.1(b)(1) enhancement; and

(3)     Counsel did not provide clear information regarding the PSR.

(*See* 3:17-CV-1614-N, doc. 2 at 5-7.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review.  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the

error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. SENTENCE ENHANCEMENT

Movant contends that the two-level increase of USSG § 2D1.1(b)(1) for possession of a firearm was erroneously applied to him because the possession of the firearm was not related to the offense.

Movant's claim regarding the application of the United States Sentencing Guidelines is not cognizable under § 2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in a § 2255 proceeding); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255.").

The claim also lacks merit. Under USSG § 2D1.1(b)(1), possession of a dangerous weapon (including a firearm) results in a 2-level increase. Application Note 11(a) to USSG § 2D1.1 states, "The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

According to the PSR, which was adopted, police officers responded to a report that Movant and others were pointing guns at people at a convenience store. When officers arrived, they saw Movant sitting in a vehicle. They apprehended him and three others, and he had a handgun in the waistband of his pants. In the vehicle were 508.7 grams of cocaine, 315.3 grams of methamphetamine, and two scales. (*See* doc. 97-1 at 7, ¶¶ 14-15.) Based on these facts, Movant was subject to the two-level increase for possessing a firearm. *See United States v. Jacquinot*, 258 F.3d 423, 430-31 (5th Cir. 2001) (USSG § 2D1.1(b)(1) applied where firearms and drugs were found in vehicle); *United States v. Vasquez*, 161 F.3d 909, 912 (5th Cir. 1998) (USSG § 2D1.1(b)(1) applies if a weapon is found in the same location where drugs are stored). Movant has not shown that he is entitled to relief on this claim.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."  *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors.  *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh.  *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice").  One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture.  *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).   Conclusory allegations are insufficient to obtain relief under § 2255.  *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.    **Failure to object - USSG § 2D1.1(b)(1)**

Movant contends that counsel failed to object to the two-level increase under USSG § 2D1.1(b)(1).  As discussed, the application of USSG § 2D1.1(b)(1) was proper.  Counsel was not ineffective for failing to object to the two-level increase under that guideline.  *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (counsel is not ineffective for failing to raise a meritless argument).  Movant has not shown that he is entitled to relief on this claim.

B.    **Failure to Provide Information Regarding the PSR**

Movant contends that counsel failed to provide him a clear understanding of the law regarding the PSR.  He asserts that counsel told him that the PSR recommended an offense level of 30, with a two-level increase for the firearm and a three-level reduction for acceptance of responsibility.  He contends that he was deprived of the opportunity to read the PSR to determine if other objections should have been raised.  (*See* 3:17-CV-1614-N, doc. 3 at 5.)

Other than his claim regarding the two-level increase for possession of a firearm under USSG § 2D1.1(b)(1), Movant does not identify any additional aspect of his PSR that was objectionable.  His conclusory claim is insufficient to obtain relief under § 2255.  *United States v. Woods*, 870 F.2d at 288 n.3.  Because he does not point to any other objections that would have been raised had he read the PSR, he has not shown that he was prejudiced.  *See Teuschler v. United States*, No. W-CA-349, 2015 WL 13387922 (W.D. Tex. March 31, 2015) (movant did not show that counsel was ineffective for failing to review PSR with movant where movant did not indicate any issues or objections that would have been raised had movant viewed it); *Salazar-Berretero*, No. EP-04-CA-199, 2005 WL 1403877 at *3 (W.D. Tex. June 13, 2005) (no prejudice shown for counsel's

failure to review PSR with movant where movant did not allege objections to the PSR that counsel should have made).  Movant has not shown that he is entitled to relief on this claim.

## V.  EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  Here, the record conclusively shows that Movant is entitled to no relief, so no hearing is required.

## VI.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 21st day of June, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE